WILLIAM O. BADGER, Plaintiff, v. THE HAMILTON FIRE INSURANCE COMPANY, Defendant.*

(Supreme Court, Kings Special Term, April, 1909.)

Insurance: Construction and operation of contract — In general — Other contracts: Avoidance of policy — Policy of insurance on property — Avoidance in consequence of provisions of other policies.

> A stipulation in a policy of fire insurance that, "If at the time of loss, there shall be any other insurance outstanding in favor of the assured on the same or any part of the same risk, whether valid or not, subject to the conditions or provisions of any sort limiting the liability thereon, this company shall be in all cases entitled to the benefit of such provisions as if fully set forth herein" is an essential part of the contract and is intended to assure the company issuing the policy as favorable and profitable a bargain as. other insurance companies should 'receive in expectation that the payment of a preferential rate to another company would avoid the policy, if the policy of any other insurer was warranted at not less gross rate of premium; and such stipulation is a condition which, if unfulfilled, defeats the policy.

ACTION to recover upon a contract of fire insurance.

Van Iderstine, Badger & Barker, for plaintiff.

Charles L. Livingston, for defendant.

THOMAS, J. This action is to recover upon a contract of insurance and the defendant in its "second defense" states

---

* Received too late for insertion in proper place. Affirmed by Appellate Division on this opinion.—[Rep.

that the parties agreed in the policy as follows: " If at the time of loss, there shall be any other insurance outstanding in favor of the assured on the same or any part of the same risk, whether valid or not, subject to the conditions or provisions of any sort limiting the liability thereon, this company shall be in all cases entitled to the benefit of such provisions as if fully set forth herein." The answer further states that at the time of loss there was other insurance outstanding in favor of the assured on the risk subject among other conditions to the following:

### " WARRANTY.

" This policy is warranted at not less gross rate of premium and on the same terms and conditions as and to follow the settlements of the New Zealand Insurance Company of New Zealand." Then the answer states that the gross rate of premium on the policy of the New Zealand Insurance Company (herein referred to as " Z ") was eight per cent., and the gross rate of premium of the policies of the defendant (herein referred to as " H "), and the amended (sic) policy (herein called " Y ") containing the above warranty was five and one-half per cent. So the policy of " H " contains a warranty by reference to policy " Y " which in turn refers to the gross rates and terms and conditions of policy " Z." In legal effect the stipulation is that the policy " H " in suit should be void if the assured had paid or should pay to another company a greater rate for insurance in force at time of loss. But it is necessary to consider whether the stipulation is a condition, which if broken defeats the policy, or simply gives the defendant a cause of action for damages. My attention is not called to a decision of the specific question, but I find that the precise question as to existing insurance was considered in Barnard v. Faber, 12 Q. B. 340, 62 L. J. Q. B. 159, C. A. (1892). The stipulation in that case was as follows: " Warranted to be on same rate, terms, and identical interest as Union Insurance Company 800L., and Glasgow and London 700L., and to follow their settlements." After loss the defendant disputed liability on the ground that the policy with the Union Insurance Company was not on the

same rate and terms as the defendant's policy, and that the warranty to that effect had not been fulfilled. On the trial it was held that the warranty was not a condition precedent to the liability. The Court of Appeal held, three judges writing opinions to the same effect, that the stipulation as to the rate was a condition precedent to the liability of the underwriters under the policy. Lindley, L. J., said: " I can not help thinking that the more one looks at the document, the more plainly it comes out that the bargain was ' we will not insure except upon the terms that these two offices have done the same, upon the same rate, upon the same terms — whatever they may be — and on the same interest.' " Bowen, L. J., said: " I do not doubt for a moment that it is a condition without which the contract is not to bind." Smith, L. J., said: " When one looks at this clause the question which one is to ask oneself is this, whether this clause contains a promise which goes to the root of the transaction, or whether it is merely a collateral stipulation the non-performance of which did not avoid the defendant's obligation, but only gave him a right to a cross action. * * * Now, to state it as shortly as I can, in my judgment there is a stipulation in this contract between the underwriter and assured that the underwriter undertakes to insure, provided he undertakes the same risks, which the other two offices have undertaken, which offices he knows and which he is content to abide by. If the other two offices have not undertaken the same risk, then, in my opinion, it being a condition of this policy that those two offices should have undertaken the same risk, there is no liability by the underwriter in this case."

The answer in the case at bar does not state whether the " Y " and " Z " policies were in existence when the " H " policy was issued. Hence, to sustain the answer it is necessary to determine whether the same rule would apply if " Y " and " Z " were subsequent to " H." The " H " policy says, " If at the time of loss, there shall be any other insurance outstanding * * * this company shall be in all cases entitled to the benefit of such provisions," etc. Hence, the " H " policy referred to policies existing at the time of loss, whatever the date of their issue. In case of loss the same

must be apportioned to the several outstanding policies, and it was the purpose of the " H " policy to contribute on a basis common to all policies. If defendant got five and one-half per cent. for the risk, and the New Zealand Company eight per cent. for the same, the companies would lose disproportionate sums, as a simple computation will show. So conditions limiting the liability present in one, and absent in another, policy would produce inequality of risk, loss or gain. To avoid all this the defendant stipulated for the benefit of the terms of other policies, and for equality of rate of premium. Thereupon, if the other policies fell, the " H " policy would fall; if they paid the loss, all would lose relatively. I think that such consideration was an important one for the defendant, and that the stipulation was an essential part of the contract, and an inducement to it. Hence it is a condition which unfulfilled leaves the policy void. Surely the intention was not that in case of loss the assured would pay the additional premium up to the difference of the amount paid another company and that the action on the stipulation should be for such damages. Rather the stipulation was intended, I think, to assure the defendant as favorable and profitable a bargain as other insuring companies should receive in expectation that the payment of a preferential rate to another company would avoid the policy. It may seem a hard bargain for the assured, but a warranty is inexorable. The stipulation assures the defendant of a status. To get a policy the assured promises what he would do, and, if he does it not, he is not entitled to the contract secured by the broken promise. Such a promise permits of no latitude and no equity.

The demurrer is overruled, with costs.

*Demurrer overruled, with costs.*